UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50051-02-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION |
| | ) | FOR SENTENCE REDUCTION |
| ALVINA WHITE BULL, | ) | PURSUANT TO 18 U.S.C. |
| | ) | § 3582(c)(2) |
| Defendant. | ) | |

Alvina White Bull moves, pro se, pursuant to 18 U.S.C. § 3582(c)(2) to reduce her sentence based on the retroactive application of the amendments to the Sentencing Guidelines because she claims her sentencing range has been reduced and a reduction would be consistent with applicable policy statements. Under section 3582(c)(2), "a district court may reduce a defendant's sentence if it was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Washington*, 618 F.3d 869, 872 (8th Cir. 2010) (quoting 18 U.S.C. § 3582(c)(2)).

White Bull pleaded guilty to one count of conspiracy to distribute a controlled substance, and the substance was cocaine. The superseding indictment alleged involvement with both cocaine and marijuana, but White Bull only pleaded guilty to the cocaine offense. Docket 209; Docket 470.

White Bull was sentenced to the mandatory minimum of 120 months because of the amount of cocaine attributed to the conspiracy. Docket 530.

The emergency amendments to the Sentencing Guidelines enacted on November 1, 2010, reduced the offense levels for defendants convicted of crimes dealing with cocaine base or crack cocaine. "However, the emergency amendments did not alter the applicable guidelines range for individuals convicted of cocaine—rather than cocaine base—offenses." *Mejia v. United States*, No. 07 Cr. 186, 2011 WL 5456904, *1 (S.D.N.Y. Nov. 7, 2011). Because White Bull pleaded guilty to and was sentenced for a cocaine offense, not cocaine base, the retroactive application of the November 1, 2010, amendments is not applicable to her sentence. A sentence reduction is not warranted. Accordingly, it is

ORDERED that White Bull's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Docket 625) is denied.

Dated November 22, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE