UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50051-02-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION |
| | ) | FOR SENTENCE REDUCTION |
| ALVINA WHITE BULL, | ) | PURSUANT TO |
| | ) | 18 U.S.C. § 3582(a) |
| Defendant. | ) | |

Defendant, Alvina White Bull, moves the court to reduce her sentence because she claims that the court improperly increased the length of her sentence to foster her rehabilitation and to promote correction. Docket 629. The government did not respond to White Bull's motion.

White Bull pleaded guilty to one count of conspiracy to distribute a controlled substance, and the substance was cocaine. Docket 470. The superseding indictment alleged involvement with both cocaine and marijuana, but White Bull only pleaded guilty to the cocaine offense. Docket 209; Docket 470. Prior to sentencing, White Bull had a base offense level of 33, she was in Criminal History Category I, and she was subject to a mandatory minimum term of imprisonment of 10 years. Her advisory guideline range was 135 to 168 months. White Bull was sentenced to 135 months' imprisonment, which was the very bottom of her advisory guideline range. Docket 531.

White Bull argues that she was given a lengthy sentence in light of her criminal record and her sentence was imposed "in order to foster her rehabilitation and promote correction." Docket 629 at 2. White Bull claims

that because the court ordered that she attend the 500-hour substance abuse program and she was not eligible to enter that program, that relief is warranted. She again claims that her sentence was imposed under an excessive range, and she should not linger in prison.

Under 18 U.S.C. § 3582(a), when the court determines the appropriate length of imprisonment it considers the factors set forth in § 3553(a), but must recognize that "imprisonment is not an appropriate means of promoting correction and rehabilitation." The United States Supreme Court recently stated that a district court cannot lengthen a defendant's prison term simply to promote his or her correction or to foster rehabilitation. *Tapia v. United States*, ___ U.S. ____, 131 S. Ct. 2382 (2011).

The court did not sentence White Bull to 135 months to promote correction or to foster her rehabilitation. The court sentenced White Bull to 135 months because that was the bottom end of her advisory guideline range, and the court determined that the sentence was appropriate after considering the factors set forth in § 3553(a). The court recommended that White Bull attend the 500-hour substance abuse program within the Bureau of Prisons, but it was merely a recommendation. "A sentencing court can *recommend* that the BOP place an offender in a particular facility or program . . . [b]ut decisionmaking authority rests with the BOP." *Tapia*, 131 S. Ct. at 2390-91. The court sentenced White Bull within her advisory guideline range, so any argument about the failures of the substance abuse program in regard to her sentence is without merit.

White Bull makes a final claim that "[t]here is no reason to deny 3582(a) relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected excessive range." Docket 629 at 2. If this is an attempt to reargue that her sentence should be modified based on the crack cocaine reductions within the Fair Sentencing Act, that argument is unpersuasive. White Bull was sentenced pursuant to her involvement with cocaine, rather than crack cocaine or cocaine base, and the Fair Sentencing Act can offer her no relief. *See Mejia v. United States*, Cr. No. 07-186, 2011 WL 5456904, at *1 (S.D.N.Y. Nov. 7, 2011) ("However, the emergency amendments did not alter the applicable guidelines range for individuals convicted of cocaine—rather than cocaine base—offenses."). Because White Bull was sentenced to 135 months' imprisonment based on the factors set forth in § 3553(a) and based on her advisory guideline range, not on the need for rehabilitation or to promote correction, a sentence reduction is unwarranted. Accordingly, it is

ORDERED that White Bull's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(a) (Docket 629) is denied.

Dated April 9, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE